IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DANIEL JOSEPH**
**PARRISH-PARRADO,**

        **Plaintiff,**

    **v.**                  **CASE NO. 06-3344-SAC**

**KAREN ROHLING,**
**et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

This is a civil rights complaint, 42 U.S.C. 1983, filed by an inmate of the Larned Correctional Facility, Larned, Kansas (LCMHF). He names as defendants Warden Rohling and the Larned Correctional Facility. Plaintiff claims his constitutional rights are violated because defendants have denied him all his KDOC canteen supplies since 1997. He seeks a court order authorizing shipment by vendors of legal, writing, and typing materials including legal file folders, pens, desk lamp, and an electronic typewriter with cartridges; hygiene supplies including shampoo, shower shoes, soap dish, bath soap, toothbrush, and mouthwash; a coffee cup, and a radio with headphones. He asserts defendants are "in direct contempt" of a 1983 Kansas Supreme Court order. Plaintiff also complains he is being "denied law library" because he is in protective custody due to threats from other inmates, and he owes thirteen hundred dollars.

Plaintiff moves for a permanent "protective restraining order" against defendants "in favor of a facility which does not deny plaintiff his vital supplies." He has also filed a motion for

"federal protective custody transfer order," which states no legal or factual basis (Doc. 4).

Plaintiff alleges he "attempted a KDOC grievance on issue" but defendants "refused to process to warden," and that defendants refuse to make copies for court. He also states he has written to the Secretary of Corrections' office. After the complaint was filed, he submitted exhibits of some grievances and responses. The court has examined all materials filed by plaintiff.

Plaintiff has also filed an Application to Proceed Without Prepayment of Fees (Doc. 2). He has previously been designated a "three strikes litigant" in this court[1] pursuant to 28 U.S.C. 1915(g), and has been informed of this designation and its significance. The court has examined the complaint and finds no basis to conclude that plaintiff could be allowed to proceed in this matter without the prepayment of the full filing fee. Plaintiff has not asserted any claim that he is in imminent danger of serious physical harm. Accordingly, plaintiff may proceed in this action only if he pays the full filing fee of $350.00 required for filing a civil rights complaint under 42 U.S.C. §1983.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied; and plaintiff is granted thirty (30) days from the date of this Order to submit the

---

[1] Plaintiff has filed cases under different names, including Daniel Joseph Kirwan, Michael Duane Pyle, and Daniel Joseph Parrish. He has also used the names Daniel Parrado and Daniel Parrish-Parrado. The cases on which his three-strikes status were based are: Kirwan v. Larned Mental Health, 816 F.Supp. 672 (D. Kan. 1993); Kirwan v. Huggins, Case No. 91-3217, 1991 WL 158842 (D. Kan., July 31, 1991); and Kirwan v. Appel, Case No. 88-3416, 1988 WL 142902 (D.Kan. Dec. 29, 1988).

$350.00 filing fee.  Failure to pay the full filing fee by that time will result in the dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for federal protective custody transfer order (Doc. 4) is denied.

**IT IS SO ORDERED**.

Dated this 4th day of January, 2007, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge

3